THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | |
| v. | : | Case No. 3:06-cr-185 |
| TERRY L. THOMAS | | Judge Walter H. Rice |
| Defendant. | : | |

ORDER OVERRULING MOTION (DOC. #49), FIRST AMENDED MOTION (DOC. #50), AND SECOND AMENDED MOTION (DOC. #51) FOR COMPASSIONATE RELEASE OF DEFENDANT TERRY L. THOMAS AS MOOT GIVEN DEFENDANT IS NO LONGER INCARCERATED

---

Before the Court are the Motion (Doc. #49), First Amended Motion (Doc. #50), and Second Amended Motion (Doc. #51) for Compassionate Release of Defendant Terry L. Thomas. On July 18, 2007, Defendant was sentenced to 140 months imprisonment after pleading guilty to one count from the Indictment. (Judgment, Doc. #32, citing Indictment, Doc. #11). On March 9, 2015, the sentence was reduced to 120 months. (Order, Doc. #38). This Court subsequently revoked Defendant's supervised release and remanded him to the Bureau of Prisons for a term of thirty-six months to be served consecutively to a sixty-month sentence imposed in *United States v,. Thomas*, Case No. 3:18-cr-94. (Minute Entry, Doc. #48). Defendant filed the Motion and First Amended Motion on October 30, 2020, and the Second Amended Motion on October 31, 2020, all under 18 U.S.C. § 3582(c)(1)(A), as amended by the Formerly Incarcerated

Reenter Society Transformed Safely Transitioning Every Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194. While the Motions were pending, Defendant was released on February 6, 2024.[1] A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984) (citation omitted). A motion for compassionate release seeks relief not from the judgment *in toto*, but from the confinement imposed as part of the judgment. "When a prisoner is released from custody, the motion for compassionate release becomes moot because there is no further relief this Court can provide[,]" *United States v. Sanchez*, No. 16-cr-2077, 2021 WL 5999764, *1 (S.D. Cal. Dec. 17, 2021) (collecting cases), and there is no longer a "live" and redressable issue pending before the Court. *See, e.g.*, *United States v. Hernandez*, 845 F. App'x 921, 921 (11th Cir. 2021) (*per curiam*) ("Completion of a prison term moots a challenge to the term of confinement.").

As Defendant has completed his term of confinement, his Motions no longer present a live case or controversy, and the Court is without jurisdiction to hear them. U.S. Const. art. III § 2. Accordingly, the Motion, Amended Motion, and Second Amended Motion are OVERRULED AS MOOT.[2]

---

[1] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jun. 6, 2024).

[2] Also, Defendant did not submit a record showing that he asked his Warden to bring a motion for compassionate release on his behalf, as is required before personally moving the Court for release. 18 U.S.C. §3582(c)(1)(A). Thus, the Court would have overruled the Motions had it adjudicated them prior to Defendant's release.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

June 25, 2024

*[signature]*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT